### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE ADEKOLA,  :  <br>    Plaintiff,  : <br>    : <br> v.  :  **CIVIL ACTION NO. 23-CV-4643** <br>    : <br> ALLSTATE VEHICLE AND  : <br> PROPERTY INSURANCE COMPANY  : <br>    Defendant.  : | |

### MEMORANDUM

**KENNEY, J.**                                                                 **FEBRUARY 16, 2024**

Plaintiff Michelle Adekola brings this suit against Defendant Allstate Vehicle and Property Insurance Company, alleging that Defendant wrongfully denied her coverage for losses arising from a fire at her property. Plaintiff's Amended Complaint (ECF No. 17) raises two claims against Defendant: Count I – breach of contract and Count II – trespass pursuant to 42 Pa. C.S.A. § 8371 ("Bad Faith").

In response to Plaintiff's Amended Complaint, Defendant moved for Judgment on the Pleadings (ECF No. 19). Defendant moved to dismiss Plaintiff's claims on the grounds that Defendant was not obligated to cover losses under Plaintiff's insurance policy because Plaintiff's son materially breached the policy when he failed to submit to an examination under oath. The Court denied Defendant's Motion for Judgment on the Pleadings on February 13, 2024 (ECF No. 22).

Before the Court is Defendant's Motion for Reconsideration (ECF No. 23) of the Court's Order of February 13, 2024, denying of Defendant's Motion for Judgment on the Pleadings (ECF No. 22). For the reasons set forth below, Defendant's Motion for Reconsideration is DENIED.

I.      BACKGROUND AND PROCEDURAL HISTORY

This case concerns Defendant's denial of coverage for losses caused by a fire at Plaintiff's property at 8945 Roosevelt Boulevard, Philadelphia, PA, on October 29, 2022. ECF No. 17 at 2, 61. Plaintiff resided in the household with her two sons, Nico Bradshaw and Lemmeco Bradshaw. *Id*. at 3. At the time of the fire, Plaintiff had a "House & Home" insurance policy with Defendant. *Id*. at 2, 13. Plaintiff – Michelle Adekola – was the person listed as the "Named Insured" on the policy. *Id*. at 3, 15.

After the fire, Plaintiff gave Defendant timely notice of the loss and Defendant began adjusting the claim. *Id.* at 2. Defendant provided payments for temporary housing for Plaintiff and her family. *Id.* at 4. Defendant also requested examinations under oath of Plaintiff and her son, Nico. *Id.* at 3. On May 16, 2023, counsel for Defendant examined Plaintiff and Nico via Zoom. *Id*. Defendant then sought to examine Plaintiff's other son, Lemmeco, an adult. *Id.* Plaintiff tried to produce Lemmeco for an examination, but these efforts were not successful. *Id.* at 4.

Thereafter, in August 2023, Defendant ceased paying for Plaintiff's temporary housing. *Id*. A month later, on September 18, 2023, Defendant notified Plaintiff that Lemmeco's failure to participate in an examination under oath "constituted a material breach of the duties under the Policy" and that this breach was prejudicial to Defendant. *Id.* at 4, 170. The letter stated that, under the policy, Lemmeco had a duty to submit to an examination under oath. *Id.* at 170. Defendant stated that it had no obligation under this policy so long as the breach continued, which would "obviously include any additional living Expense, dwelling/structure, and personal property benefits." *Id.*

Plaintiff's counsel responded by letter on October 13, 2023, stating that Plaintiff complied with her obligations under the policy, namely submitting to an examination under oath and

2

producing members of her household, to the extent it was within her power to do so. *Id*. at 174. Further, Plaintiff's counsel explained that Plaintiff did not have the power to force Lemmeco to participate in an examination. *Id*. The letter also noted that Lemmeco experienced a health issue in August 2023. *Id*. The letter concluded that because Plaintiff did "all that she is reasonably required to [do] under the Policy, [] there is no breach by [Plaintiff]." *Id.*

A week later, on October 20, 2023, Plaintiff filed her original Complaint in the Philadelphia County Court of Common Pleas. ECF No. 1. On November 16, 2023, Plaintiff's counsel emailed Defendant to confirm whether Plaintiff's claim was accepted or denied. ECF No. 17 at 177. Via letter on November 21, 2023, Defendant responded that their position remained unchanged and that "a material breach still exists, and [Defendant] still has no obligation to perform under the Policy, and any claim for benefits is/would be denied." ECF No. 18-14 at 3 (emphasis omitted).

Defendant then removed the matter to the U.S. District Court for the Eastern District of Pennsylvania on November 22, 2023. ECF No. 1. Plaintiff filed her Amended Complaint on January 10, 2024. ECF No. 17. Defendant then filed both an Answer to the Amended Complaint (ECF No. 18) and its Motion for Judgment on the Pleadings (ECF No. 19) on January 24, 2024. The Court denied Defendant's Motion for Judgment on the Pleadings on February 13, 2024. ECF No. 22. Defendant filed their instant Motion for Reconsideration on February 14, 2023 (ECF No. 23).

## II.   LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted).  "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly

discovered evidence." *Taggart v. Wells Fargo Bank, N.A.*, 2017 WL 3217396, at *1 (E.D. Pa. July 28, 2017) (citation and internal quotations omitted). A motion for reconsideration "may be granted if the moving party shows: '(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court initially issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id*. (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

### III.   DISCUSSION

In its Motion for Reconsideration, Defendant continues to rely on its errant premise that Plaintiff's son, Lemmeco Bradshaw, had a duty under Plaintiff's policy to submit to an examination under oath. The Court reviewed the policy's relevant language and did not discern such a duty. ECF No. 22. As discussed in the Court's February 13, 2024, Order, the policy distinguishes between "You" and "insured persons" in assigning obligations. *Id*. "You" is defined as the named insured on the policy and that person's resident spouse. ECF No. 17 at 25. "Insured persons" is defined as "you"; any relative residing in the household; and any person under the age or 21 residing in the household and in the named insured's care. *Id*. at 24. Here, Plaintiff Michelle Adekola is the person named on the policy; she is both "you" and an insured person. Her sons, Nico Bradshaw and Lemmeco Bradshaw, are "insured persons" because they were relatives residing in the household at the time of the loss.

"Section I Conditions" of the policy outlines what "You" – the named insured – must do following a loss covered the policy. Subsection 3(f)(2) states that "**you** must[,] [a]s often as **we** reasonably require[,] at **our** request, submit to examinations under oath, separately and apart from any other person defined as **you** or **insured person**[.] *Id*. at 39 (emphasis in original). This plain language requires "You" to submit to an examination under oath. The language is silent as to what,

4

if anything, an "insured person," as distinct from "you," must do with respect to examinations under oath.

While Defendant counters that "there is no difference in or delineation of the duties of **you** and an **insured person** for items a) through g) which include the duty to submit to an examination" (ECF No. 23-8 at 9), the Court finds no basis for this conclusion. The policy does in fact define "you" and "insured persons" as different entities; "you" is both the named insured and an insured person, but an insured person is not a "you." Interchanging "you" and insured person with respect to obligations in the event of loss is an interpretative liberty that the Court will not take.

The Court finds the policy language with respect to obligations in the event of loss clear. Even if the language is ambiguous, Pennsylvania law requires that the language be construed in favor of the insured. *See Mfrs. Cas. Ins. Co. v. Goodville Mut. Cas. Co.*, 170 A.2d 571, 573 (Pa. 1961). Defendant has not provided any new analysis or evidence as to why the Court's interpretation of the policy's language is an error of fact or law. Accordingly, the Court's interpretation of the language remains unchanged.

Defendant then points to the language in Section I Conditions, Subsection 3, which states that "**We** have no duty to provide coverage under this section if **you**, an **insured person**, or a representative of either fail to comply with items a) through g) above, and this failure to comply is prejudicial to **us**." ECF No. 17 at 39 (emphasis in original). Defendant asserts that under this provision, Lemmeco's failure to submit to an examination [item 3(f)] means that Defendant has no duty to provide coverage. *See* ECF No. 23-8 at 7.

Defendant believes that reconsideration of the Court's order denying Defendant's Motion for Judgment of the Pleadings (ECF No. 22) is warranted because the Court "inadvertently overlooked [this] very specific language in the Policy dealing with an insured person." *Id.* at 6.

This is not the case. As discussed *supra*, the Court did not find that Section 3(f) obligated Lemmeco to submit to an examination. Thus, if there is no failure to comply with items a) through g), then the provision precluding Defendant from providing coverage is not triggered, and further analysis of this provision is neither warranted nor relevant.

Defendant also asserts that the insurance policy imposes joint obligations on persons defined as insured persons. *Id*. at 7. According to Defendant, "[t]his means that the responsibilities, acts, and failures to act of a person defined as an insured person will be binding upon another person defined as an insured person." *Id*. Defendant contends that "Lemmeco Bradshaw had his own duty to submit to an Examination Under Oath." *Id*. at 8. Defendant asserts that Lemmeco's failure to submit to an examination is binding upon Plaintiff. Yet, again, as discussed *supra*, the Court does not find that the policy expressly required an insured person, as distinct from "you," the named insured, to submit to an examination. Therefore, because Lemmeco did not breach a duty under the policy, there is no such breach to impute to Plaintiff.

In sum, the Court does not find that Defendant has presented errors of law or fact, new evidence, or a change in controlling law to warrant reconsideration of the Court's Order of February 13, 2024, denying Defendant's Motion for Judgment on the Pleadings (ECF No. 22).

### IV. CONCLUSION

For the reasons set forth above, this Court will DENY Defendant's Motion for Reconsideration (ECF No. 23).

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**